953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. HUSTON, Petitioner-Appellant,
v.
James GOMEZ, Director; John K. Van De Kamp; Attorney
General of California; James H. Gomez,
Respondents-Appellees.
 No. 91-55332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Jan. 21, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Huston was convicted in state court of ten counts of robbery and now raises five issues in support of his petition for a writ of habeas corpus.
 
 
 4
 A. Huston alleges that he was denied due process when jailers confiscated materials necessary to prepare his defense. To determine whether a state's loss of evidence constitutes a due process violation, we must find that the "evidence ... both possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984) (emphasis added); see also Arizona v. Youngblood, 488 U.S. 51, 57 (1988) (requiring showing of bad faith on part of government in order for failure to preserve potentially useful evidence to constitute due process violation).[1]
 
 
 5
 The state trial court found that "this is not an intentional or malicious confiscation of [Huston's] property." Reporter's Transcript, September 19, 1984, at 589. The court also found that the sheriffs did not know that there were any legal documents inside the Playboy magazine and that they would not have taken the documents had they known they were there. The California Court of Appeal accepted these findings. People v. Huston, 258 Cal.Rptr. 393, 399 (Ct.App.), rev. denied, 1989 Cal. LEXIS 4041 (1989).
 
 
 6
 With very few exceptions, we must accept a state court's findings of fact when we review a habeas petition. 28 U.S.C. § 2254(d); see also Sumner v. Mata, 455 U.S. 591, 598 (1982) (section 2254(d) "requires the federal courts to show a high measure of deference to the factfindings made by the state courts"). The state trial court's findings that the officers were unaware of the documents' exculpatory nature--indeed of the documents themselves--and would not have taken them had they known of them do not fall within any of the exceptions listed in section 2254(d). We are thus bound by those findings and must reject Huston's due process claim.
 
 
 7
 B. Huston claims he was denied effective assistance of counsel when his attorney failed to present evidence about the confiscated documents to the jury. Huston cannot meet the second element of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984): that it is reasonably probable he would have been acquitted had this evidence been presented to the jury. As the magistrate noted, the evidence of Huston's guilt was "overwhelming." Report and Recommendation of Magistrate, December 18, 1990, at 24. It included the victims of all ten robberies identifying Huston as the man who robbed them.
 
 
 8
 C. Huston claims that his Sixth Amendment rights to counsel and to effective assistance of counsel were violated during his refusal to participate in the police lineup.[2] Huston attempts to bifurcate his refusal to participate in the lineup into two separate refusals--one uncounseled and one counseled. We see no reason to split what was really one episode into two. Huston had counsel for the lineup; though counsel was not present when the police first asked Huston to participate in the lineup, counsel eventually arrived and advised Huston. The state's use at trial of Huston's refusal did not violate his Sixth Amendment right to counsel.
 
 
 9
 As to ineffective assistance of counsel, the facts indicate that Huston's refusal was not the result of ineffective assistance of counsel, but instead was a voluntary choice. 258 Cal.Rptr. at 397. Huston faced two unpleasant alternatives: refusing to participate with knowledge that the refusal could be used against him, and participating with knowledge that there was a high probability of identification by the victims. That Huston knew a lineup was not a good idea is apparent from what he did before the subsequent, court-ordered lineup: He shaved his beard and cut his hair. Despite this apparent attempt to change his appearance, seven witnesses identified Huston as the robber. Id.
 
 
 10
 D. Huston contends that he was given an excessive sentence as punishment for exercising his right to trial. There is no evidence of this aside from Huston's assertion that he received a sentence offer that would have resulted in a ten-year sentence and that after conviction at trial he received a sentence of thirty-one years. That a defendant received a higher sentence after conviction at trial than he might have had he pled guilty does not on its own constitute a constitutional violation. McKenzie v. Risley, 842 F.2d 1525, 1537 (9th Cir.1988). Without other evidence, Huston's claim is without merit.
 
 
 11
 E. Huston contends that his right to effective assistance of counsel was violated when his counsel refused to pursue the sentence agreement offer; he argues that the magistrate should have held an evidentiary hearing on this claim. There is no evidence in the record of the state proceedings that Huston suggested that he wished to plead guilty. He had opportunities to do so: He was co-counsel at trial and could have pled guilty if he desired. Without any evidence supporting his claim, an evidentiary hearing was not required. See Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Michael R. Hogan, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We see no relevant difference between loss of exculpatory evidence in the state's possession and loss of evidence taken from the prisoner for purposes of the due process analysis
 
 
 [2]
 Huston identified this argument as a heading in his brief's table of contents, and he spent a good deal of space in his brief developing the argument. The state failed even to address the issue in its brief; we are at a loss to understand why